NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES, LLC., <br><br> Plaintiff, <br> v. <br> ROSE MARTINEZ, <br><br> Defendant. <br> _____/ | No. C10-00520 HRL <br><br> **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** <br><br> **REPORT AND RECOMMENDATION** <br><br> **[Re: Docket No. 2]** |

Pro se defendant Rose Martinez removed this case from Santa Clara County Superior Court along with a request to proceed in forma pauperis. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Plaintiff Aurora Loan Services, LLC filed this unlawful detainer action on November 9, 2009 in Santa Clara County Superior Court. According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sale in August 2009. Plaintiff served defendant, who appears to be renting the property, with a sixty-day notice to vacate in September 2009, but defendant refused to deliver possession of the property. (Compl. 2–3.)

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C.

§ 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Here, Martinez asserts that removal is proper based on diversity of citizenship. Yet federal jurisdiction based on diversity requires not only citizens of different states, but also that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). Martinez states that there is complete diversity of citizenship because plaintiff is a citizen of Colorado while she is a citizen of California.[1] Nonetheless, she fails to allege any amount in controversy, let alone an amount over $75,000. A review of the complaint shows that it specifies that the "amount demanded does not exceed $10,000.00." (Compl. 1.) Plaintiff only seeks restitution and possession of the property, damages of $60.00 per day from November 5, 2009 to the date of entry of judgment, and costs incurred. (*Id.* at 3.) It therefore is apparent from the face of the complaint that it fails to meet this court's jurisdictional requirement under § 1332(a). Furthermore, as an unlawful detainer action, the complaint also does not raise a federal question such that this court would have jurisdiction pursuant to 28 U.S.C. § 1331. Consequently, this court lacks subject-matter jurisdiction.

Because defendant has yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly assigned judge (1) summarily remand the case to Santa Clara County Superior Court; and (2) deny as moot, without prejudice, defendant's application to proceed in forma pauperis. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: February 5, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] As a local defendant, it would appear that Martinez does not have the right to remove this action to federal court. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Furthermore, the removal is outside the thirty-day period for which removal is proper. 28 U.S.C. § 1446(b). However, as procedural requirements, a federal court cannot remand sua sponte on these bases. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006).

**C 10-00520 Notice will be electronically mailed to:**

David R Endres     dendres@dre-apc.com

**Notice will be sent by alternative means to:**

Rose Martinez
772 College Drive
San Jose, CA 95128

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**